IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARILYN WILLIAMS-GOODE, | ) |
| *Plaintiff*, | ) ) ) ) |
| v. | ) ) No. 4:25-cv-01278-JMD |
| THOMAS F. EAGLETON COURTHOUSE, | ) ) ) ) |
| *Defendant*. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff Marilyn Williams-Goode, a self-represented litigant, brings this action against the Thomas F. Eagleton Courthouse. ECF 1 at 1–2. Having reviewed her motion for leave to proceed *in forma pauperis*, ECF 2, the Court finds that she lacks sufficient funds to pay the fees associated with this action and therefore grants the motion. Nevertheless, for the reasons set forth below, the Court dismisses this case under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted.

**I.   Background**

Williams-Goode names the Thomas F. Eagleton Courthouse as the sole defendant in this case. ECF 1 at 2. She states, however, that this is "not a suit" and that she needs "to be scheduled to take [an] oath." *Id*. at 3. Williams-Goode further asserts that she filed an N400 (Application for Naturalization) on December 31, 2023, and wants the Court to schedule her oath ceremony within five months. *Id*. at 5. She attributes this urgency to "Abuse from the State of MO." *Id*. She also expresses a desire to "Retire from OPM Wage Assignment." *Id*.

1

## II.   Legal standard

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege facts that demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly,* 550 U.S. at 556).

When reviewing a self-represented litigant's complaint under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Liberal construction means that, if the Court can discern "the essence of an allegation," it should construe the complaint in a way that permits consideration of the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980). The Court does not assume unalleged facts, *Stone*, 364 F.3d at 914–15, or excuse compliance with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.   Discussion

Even liberally construed, Williams-Goode's complaint fails to state a claim upon which relief may be granted.

First, Williams-Goode names the Thomas F. Eagleton Courthouse as the sole defendant. A courthouse is a physical facility, not a juridical entity capable of being sued. *Cf. De La Garza v. Kandiyohi Cnty. Jail, Correctional Institution*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (per curiam) (agreeing that a jail is "not an entity that is amenable to suit"). To the extent Williams-Goode intends to sue the United States, sovereign immunity bars her claims absent an express waiver. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Second, the relief sought—expedition of her naturalization oath—is not available in this Court. Congress vested the authority to naturalize persons as citizens of the United States in the Executive Branch. *See* 8 U.S.C. § 1421(a). Federal courts lack inherent authority to intervene in or direct the administrative processing of naturalization applications. *See I.N.S. v. Pangilinan*, 486 U.S. 875, 883–84 (1988) ("[T]he power to make someone a citizen of the United States has not been conferred upon the federal courts[.]").

Finally, Williams-Goode explicitly states that she is "not suing." ECF 1 at 5. This statement underscores the absence of a "case" or "controversy" as required by Article III of the U.S. Constitution. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (explaining that Article III's cases-and-controversies requirement "is always an antecedent question"). Federal courts do not issue advisory opinions or provide general assistance; they

3

resolve actual disputes between adverse parties. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968); *see also Muskrat v. United States*, 219 U.S. 346, 361 (1911) (holding that the Constitution limits judicial power to "actual controversies arising between adverse litigants").

For these reasons, the Court finds that Williams-Goode's complaint is frivolous and fails to state a claim upon which relief may be granted.

## IV.   Conclusion

The Court grants Williams-Goode's motion to proceed *in forma pauperis* but dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Accordingly,

**IT IS HEREBY ORDERED** that Williams-Goode's motion to proceed *in forma pauperis*, ECF 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal accompanies this Memorandum and Order.

Dated this 30th day of January, 2026.

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE